**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**Jason Stollman,**
Plaintiff,

v. Civil Action No. 3:26-cv-637-MEO

**Piedmont Airlines, Inc.,**
Defendant.

**COMPLAINT AND JURY DEMAND**

# INTRODUCTION

1. This action arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"). Plaintiff alleges that Defendant Piedmont Airlines, Inc. unlawfully discriminated against him on the basis of disability by declining to hire him for instructor, training, and management positions for which he applied over multiple hiring cycles after he exhausted his administrative remedies before the Equal Employment Opportunity Commission ("EEOC").

# JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the ADA.
3. This Court also has jurisdiction pursuant to 42 U.S.C. § 12117(a), which incorporates the enforcement provisions of Title VII of the Civil Rights Act of 1964.
4. Plaintiff timely filed a Charge of Discrimination with the EEOC.
5. On or about May 4, 2026, the EEOC issued Plaintiff a Notice of Right to Sue through the EEOC Public Portal. Plaintiff commenced this action within ninety (90) days of receiving the Notice of Right to Sue.
6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred within this District and Defendant conducts business within this District.

# PARTIES

7. Plaintiff **Jason Stollman** is an individual residing in Columbus, Ohio.
8. Plaintiff is an FAA Airline Transport Pilot, former Part 121 airline pilot, and professional simulator instructor with more than **5,200 hours of total flight time**, including more than **4,200 hours of turbine flight time**.

9. During the period relevant to this action, Plaintiff was employed by **FlightSafety International** as a simulator instructor. In that role, Plaintiff provided FAA-approved Part 121 initial qualification training under Subparts N and O and Advanced Qualification Program ("AQP") training under Subpart Y to NetJets pilots. Plaintiff is qualified to instruct in the Embraer EMB-505 and Embraer EMB-550 aircraft.

10. Defendant **Piedmont Airlines, Inc.** is a corporation doing business in North Carolina and is an employer within the meaning of the ADA.

# IV. FACTUAL BACKGROUND

## A. Plaintiff's Qualifications

12. Plaintiff has devoted his professional career to commercial aviation, flight operations, aviation instruction, and aviation safety.

13. During the period relevant to this action, Plaintiff continued to expand his professional qualifications and instructional experience through his employment with FlightSafety International.

14. As a FlightSafety International simulator instructor, Plaintiff provided FAA-approved Part 121 initial qualification training under Subparts N and O and Advanced Qualification Program ("AQP") training under Part 121, Subpart Y to NetJets pilots.

15. Plaintiff was qualified to instruct in both the Embraer EMB-505 and Embraer EMB-550 aircraft.

16. Throughout the relevant period, Plaintiff's professional experience and instructional responsibilities continued to expand while he continued seeking employment with Defendant.

## B. Plaintiff's Applications

17. Between approximately November 2021 and December 2024, Defendant recruited for instructor, training, and operational management positions.

18. During that period, Plaintiff submitted at least sixteen applications for Simulator Instructor, Ground School Instructor, Dispatch Training, Flight Standards, Regional Chief Pilot, and related aviation instructor and management positions, including multiple Embraer 145 instructor positions.

19. Plaintiff completed Defendant's electronic application process for each position.

20. As part of Defendant's application process, Defendant required applicants to complete various Equal Employment Opportunity questionnaires, including a voluntary disability self-identification questionnaire.

21. Plaintiff completed Defendant's electronic application process for each position, including the voluntary disability self-identification questionnaire. Defendant maintains Plaintiff's complete electronic application records, which identify Plaintiff's responses for each application.

22. Defendant's application process also required Plaintiff to disclose his prior employment with American Airlines Group, including his former employee identification number, manager, and work location. Plaintiff accurately provided that information.
23. Defendant therefore possessed Plaintiff's prior employment history, application materials, and responses submitted during each application process while evaluating Plaintiff for the positions at issue.

## C. Hiring History

24. Defendant initially selected Plaintiff to interview for an instructor position during the 2021 hiring process.
25. Plaintiff participated in Defendant's interview and teaching demonstration.
26. Defendant ultimately elected not to hire Plaintiff following that interview.
27. Following the 2021 hiring process, Plaintiff continued seeking employment with Defendant by submitting additional applications as instructor, training, and management positions became available.
28. During the same period, Plaintiff continued expanding his qualifications through additional simulator instruction, FAA-approved Part 121 instructional responsibilities, and professional experience.
29. Despite Plaintiff's continued applications and increasing qualifications, Defendant did not select Plaintiff for any of the positions for which Plaintiff applied.
30. The applications identified in this Complaint represent hiring decisions occurring over multiple hiring cycles rather than a single isolated employment decision.

## D. 2024 Hiring Process

31. During the 2024 hiring cycle, Plaintiff applied for both a **Ground School Instructor** position and a **Simulator Instructor** position with Defendant.
32. Defendant contacted Plaintiff regarding the Ground School Instructor position and invited him to participate in a telephone screening interview.
33. During that conversation, Defendant informed Plaintiff that he would **not** be considered for the separately posted Simulator Instructor position.
34. Plaintiff discussed the Ground School Instructor position with Defendant's recruiter, including the compensation associated with the position.
35. Plaintiff determined that the compensation for the Ground School Instructor position was substantially lower than his compensation as a simulator instructor employed by FlightSafety International.
36. Based on the compensation offered, Plaintiff declined to continue in the selection process for the Ground School Instructor position.
37. Plaintiff nevertheless remained interested in the Simulator Instructor position and again requested consideration for that position.
38. Defendant again informed Plaintiff that he would not be considered for the Simulator Instructor position.

39. Plaintiff requested an explanation for Defendant's decision not to consider him for the Simulator Instructor position.
40. During that exchange, Plaintiff asked whether he had effectively been **blacklisted** from employment with Defendant.
41. Defendant responded that it did not use that terminology.
42. Plaintiff alleges that both the Ground School Instructor and Simulator Instructor positions required applicants to possess effective instructional and presentation skills. Plaintiff further alleges that Defendant's willingness to continue considering him for one instructional position while refusing to consider him for the other is relevant to evaluating Defendant's stated reasons for declining to consider Plaintiff for the Simulator Instructor position.

## E. Administrative Proceedings

43. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging disability discrimination.
44. Defendant submitted a Position Statement in response to Plaintiff's Charge.
45. Plaintiff submitted a written rebuttal addressing Defendant's Position Statement.
46. On or about May 4, 2026, the EEOC issued Plaintiff a Notice of Right to Sue through the EEOC Public Portal.
47. Plaintiff has commenced this action within ninety (90) days after receipt of the Notice of Right to Sue.

# COUNT I

# Disability Discrimination in Violation of the Americans with Disabilities Act

**42 U.S.C. § 12112**

48. Plaintiff incorporates by reference Paragraphs 1 through 47 as though fully set forth herein.
49. Plaintiff is a qualified individual within the meaning of the Americans with Disabilities Act.
50. Defendant is an employer subject to the Americans with Disabilities Act.
51. Plaintiff applied for numerous instructor, training, and management positions with Defendant over approximately four years.
52. Defendant considered Plaintiff for multiple positions during the relevant period and, during the 2024 hiring cycle, advanced Plaintiff to the telephone screening stage for the Ground School Instructor position while informing him that he would not be considered for the separately posted Simulator Instructor position.
53. Defendant nevertheless declined to select Plaintiff for any of those positions.
54. Plaintiff alleges that Defendant intentionally discriminated against him because of his disability, in violation of the Americans with Disabilities Act.

55. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including lost employment opportunities, lost wages and benefits to the extent proven, emotional distress, litigation costs recoverable by law, and such other relief as the Court deems just and proper.

# V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award the following relief:

A. Declare that Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.;

B. Award Plaintiff all damages recoverable under the ADA, including back pay, front pay where appropriate, compensatory damages, prejudgment interest as permitted by law, and any other monetary relief authorized by statute;

C. Award Plaintiff reasonable litigation costs recoverable under applicable law;

D. Award such equitable relief as the Court deems appropriate, including any relief authorized by the ADA;

E. Award pre-judgment and post-judgment interest as permitted by law; and

F. Grant such other and further relief as the Court deems just and proper.

# VI. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Jason Stollman*

**Jason Stollman**
394 Trestle View Street
Columbus, Ohio 43215
(317) 418-1906
Jason@JasonStollman.com

**Plaintiff, Pro Se**

Date: ___8/2/26_____